OPINION OF THE COURT
Memorandum.
• Judgment of conviction unanimously reversed, on the law, motion to dismiss simplified traffic information granted and fine remitted.
Defendant was charged with violating subdivision (a) of section 1127 of the Vehicle and Traffic Law, in that he operated his vehicle in the wrong direction on a one-way street, i.e., Walworth Avenue in Scarsdale. Subdivision 19 of section 9-6-1 of the Scarsdale Village Code designated the 50-foot segment of Walworth Avenue immediately south of the border between the City of White Plains and the Village of Scarsdale as being one-way for northbound traffic between the hours of 4:00 p.m. and 6:00 p.m. on weekdays. Regularly scheduled buses operated by Westchester County were exempted from said provision and *1100 were permitted to travel southbound over this segment of Walworth Avenue. Thus, while the village purported to establish a one-way roadway, it in fact merely restricted southbound traffic to Westchester County buses. The defendant admits driving south on Walworth Avenue during the prohibited time period, past the “one way do not enter” signs posted, but orally moved at trial to dismiss on the ground that the section of the village code creating such “one-way” was invalid (see CPL 170.30, subd 1, par [a]; 170.35, subd 1, par [c]). We agree.
The record established that the 50-foot “one-way” segment of Walworth Avenue neither commences nor terminates at an intersection, but rather is located approximately midway between the two adjacent cross streets. The signs warning southbound motorists not to enter (“except wcdot buses”) are not posted at the intersection immediately to the north of the “one-way” but rather are posted on the border of the City of White Plains and the Village of Scarsdale which is about 50 feet south of said intersection. The net result is that motorists in White Plains may, during the designated period (i.e., the afternoon commuter rush hour), proceed south along Walworth Avenue for about 50 feet, until they reach the border, at which point they are notified that their only viable alternative is to make a U-turn and find some other southbound route to their destination. Under the circumstances, the section of the village code in question is an unreasonable traffic regulation and hence invalid (see People v Grant, 306 NY 258; Vehicle and Traffic Law, § 1640, subd [a], par 16).
We note that the People raise no objection to the fact that defendant’s motion to dismiss was not in writing. (See CPL 170.45, 210.45, subd 1.) Instead, the People merely requested extra time to submit a memorandum in opposition to the motion, which request was granted (see People v Ray, 58 AD2d 588; People v Singleton, 42 NY2d 466). Moreover, no issue has been raised on the appeal concerning the propriety of the lower court’s exercise of discretion in entertaining defendant’s oral motion to dismiss which was made at trial (see CPL 170.30, subd 1, par [a], subd 2; 170.35, subd 1, par [c]; 255.20).
Slifkin, P. J., Geiler and DiPaola, JJ., concur.